OPINION of the Court, by
Judge Trimble.-
— In the former decree pronounced in this cause, we went upon the principle that when a contract is made for the payment of a sum of money by instalments, no action is maintainable at law, for the recovery thereof, until *150 the last instalment becomes due. Upon more matura reflection and a further examination of the authorities,, we are now convinced, that this principle is not correct as a general rule; and that in the books, it is confined to the action of debt. It seems to have grown out of the rigid principles, governing that particular form of action. But in assumpsit, in covenant, and special agreements, although the plaintiff must set out in his, declaration the contract, as made, he may assign the breaches according to the truth of the case, and shall recover damages for so much of the contract a3, at the commencement of the action, was broken, without depriving him of his remedy for other breaches of the contract, when they happen ,*. or in other words, he cars, from time to time, recover so much as is due.
Upon a mortgage to fecure money by in-ftalments,a bill toforeclofe may fee exhibited, for non-payment offrji in-(lalmtnt.
And all the instalments becoming due be. fore the final hearing, the chancellor may act uoon the whole Contract»
Order of refe. vence, without coafent of parties, was properly corrected at a fubfequent term by fetting alidethat order, and referring the accounts to a mailer com-mi/fioner.
The report of the tnafier in chancery having remained one term before final decree, 8c noexceptionta-ken to the report, no exception can be taken in the court above to the evidence upon which the re. p.vrt might have been made»
The case before the court being a suit in equity, for-the foreclosure of a mortgage, ought rather to be assimilated to, and governed by, the liberal principles which govern in covenant, assumpsit and special agreements, than those technical and rigid rules, which are applicable to the action of debt only. We are therefore of opinion, that the suit was properly commenced, although but one of the instalments was due at the filing of the bill. And we are the more strongly confirmed in this opinion, because the chancellor, from the liberality of those principles and rules which govern courts of equity, has it in his power so to mould and fashion his decree, either as to a part, or the whole of the demands, as to do complete justice to the parties ; and has power to retain the cause for the purpose of making, from time to time, such orders and decrees as justice mav demand. This course of proceeding appears to be indispensably necessary in tile case of mortgages, to secure the payment of annuities, jointures, money required to be annually raised for the maintenance and education of children, and many other cases of a similar kind j in which, if it were required by law that no proceeding should be had upon the mortgage to foreclose or enforce payment, until the last instalment became due, the very object of the contract would be defeated. And those for whose benefit the mortgage was effected, in the mean time might starve. The answer is not satisfactory, that the mortgagee might bring Lis ejectment to be let into possession, and thus compel *151 the mortgagor to come into equity to redeem ; because. the estate might be unproductive, even if the mortgagee were let into possession ; and the mortgagor might not come for a redemption.
From these considerations it now seems to us, that the suit was not prematurely instituted, and that the court of chancery had jurisdiction thereof, although only the first instalment was due at the commencement of the suit; and that the chancellor having once jurisdiction of the cause, ought not to turn the parties round at the hearing to begin de novo ; but should go on to finish the controversy.
In the case before the court, the last instalment became due before the cause was heard, so that the chancellor might well, as he has done, embrace the whole case in the decree. We can discover no well founded objection to the decree of June term 1805. It is only interlocutory in its nature, and properly directs the payment of the money secured by the mortgage, with interest, See. by a given day, and that upon failure to do so the defendants should be foreclosed of their equity of redemption. It is no objection to the decree, that it does not specify which of the defendants should pay, because either of them, by making payment, might have avoided the consequences of a foreclosure ; and it was proper that each of them should have the benefit of that privilege.
The decree of September 1805, also seems to us to be unobjectionable. A copy of the interlocutory decree of June 1805, had been served on the defendants, and they had failed to make payment. It was proper to decree Adams to pay the money, because he was the principal debtor ; but the final decree of foreclosure was correctly rendered against both defendants, the defendant Cpons having a prior incumbrance, and therefore having joined in the deed of mortgage with Adams. Neither law nor equity, required that Adams should have further time given him to pay the money, time having already been given by the decree of June 1805.
The other objections to the proceedings in the cause are of little weight. The order of the court setting aside the order of reference cannot be deemed erroneons, it appearing from the record, that the arbitrators refused to act. It was erroneous it is true to appoint others in *152 jReir stead without the consent of the parties ; but that irregularity was afterwards corrected by setting aside the order appointing the new set of referees, and refer-ing the accounts to a master commissioner.
The report of the master commissioner having been returned to the court, one term before the decree of the court entered thereon, without an}' exception being taken to the report, or the evidence upon which the commissioner proceeded ; it is too late to object in this court for the first time to the evidence which might have been received by the commissioner.
Wherefore, it is decreed and ordered, that the former decree of this court rendered in this cause be wholly set aside ; and it is further decreed and ordered, that the decree of the circuit court shall be, and the same is hereby affirmed; and that the defendants in error, have the benefit thereof in the court below, and recover of the plaintiffs in error one per centum damages upon the amount thereof.