OPINIÓN of the Court, by
Judge Boyle.
— -The defendants here obtained judgment against the plaintiff, for thousand four hundred and fitty-six dollars, to be discharged by the payment of five hundred dollars, with lawful interest from the 25th of Dec. 1803, until paid j also one thousand dollars, with lawful interest from the 10th of May 1804, and costs, and such damages as they should thereafter recover upon suing out a scire facias an<^ assigning new breaches ; the said penalty to stand as a security for the payment of the other instalments ⅛ the condition of the bond mentioned. The defen-^ants sued out a scire facias upon this judgment against the plaintiff, to shew cause, if any he had, why he should not answer the assignment of breaches of the condition f the obligation upon which the said judgment was ° 1 , „ . . J ° , founded ; and upon the scire jactas being returned executed, the defendants took judgment by default at the rujes jn the cjerh’s office, and a writ of enquiry was awar- . , u j ded. 1 he writ or enquiry was at the next term ol the court waived, and judgment entered for eight thousand f°ur hundred and fifty-six dollars, to be discharged by the payment of nine hundred and ninety-nine dollars, with interest thereon from the 1st day of January 1806, untii paid, and costs: no declaration was filed oras- . V ’ signment ol breaches made.
The propriety of the proceedings and judgment upon ^ie scire fac^as-. is questioned by the errors assigned,
In an action of debt upon a bond conditioned for the payment of money by instalments, if at the time of the rendition of the judgment the instalments are not all due, judgment should be entered for the whole j but *361 '-with stay of execution upon the instalments, until the times when they respectively become due ; upon a judgment so entered, execution might issue without suing out a scire facias upon each instalment as it be* cpme due. But in the present case, the judgment is not thus entered ; the defendants have proceeded in the original action, as if it had been founded upon a bond conditioned for the performance of collateral covenant or agreement, and the judgment is entered as in such, a case, under the act of assembly, it ought to have been ; nor is there any thing in the record to enable the court to decide that it is otherwise, for the bond, though copied by the clerk, is not by oyer or otherwise spread upon the record, so that we can judicially notice it. In the prosecution of a scire facias upon a judgment of this sort, a new assignment of breaches is indispensably necessary % no breaches having been assigned in this case, the judgment is therefore clearly erroneous.
Judgment reversed.