## GULLY and Another *v.* REMY.

In an action of debt by an assignee of a sealed note against the obligor, the defendant may deny the assignment by special plea.

A note was for the payment of a certain sum on a specified day, with interest from the date if not punctually paid: *Held*, that the interest from the date was recoverable in case of default.

ERROR to the *Franklin* Circuit Court.—Debt by the assignee against the obligors of a sealed note, dated the 24th of *June*, 1818. The note was for the payment of 300 dollars on or before the 4th of *January*, 1820; together with interest from the date, in case of the non-payment of the principal when due if demanded. The declaration averred a presentment of the note for payment on the day it became due, and before and afterwards; and that payment had been refused. Plea, that the obligee did not assign the obligation, &c. Demurrer to the plea,

and judgment for the plaintiff below.—The Circuit Court, in assessing the damages, allowed interest on the obligation from its date.

BLACKFORD, J.—One question for consideration, respects the validity of the plea which denies the assignment of the obligation. This case will readily be distinguished from actions of debt and assumpsit on promissory notes, where the general issue is a denial of the whole cause of action. Here the general issue is *non est factum,* which puts the plaintiff upon proving nothing more than the execution of the deed. Any thing which goes to avoid it, or to deny any of the other matters stated in the declaration, must be specially pleaded. Therefore to oblige the plaintiff, who is an assignee, to prove the assignment of the obligation, which is a material part of his case, the defendant must be permitted to select and traverse that fact by special plea. Peake's Ev. 266, 268.—*Smith* v. *Shields,* 2 Bibb, 328 (1).

The other question respects the recovery of interest on the obligation from its date. This interest, it is contended, is nothing more than a penalty. The case of *Rumsey* v. *Matthews,* 1 Bibb, 242, is in point upon this question. We think the judgment of the Court, and their reasoning, in that case correct. Our opinion, therefore, is, that the Circuit Court acted rightly in allowing interest on the obligation from its date.

HOLMAN, J., was absent in consequence of indisposition.

*Per Curiam.*—The judgment is reversed, and the proceedings up to the plea are set aside, with costs. Cause remanded for further proceedings.

*Caswell,* for the plaintiffs.
*Test,* for the defendant.

(1) In debt by the assignee of a bail bond, the obligor may deny the assignment by *special plea.* 2 Will. Saund. 61, b, note. So, in an action by the assignee of a petitioning creditor's bond. Per *Lawrence,* J., in *Smith* v. *Broomhead,* 7 T. R. 296, 300.—Per *Ellenborough,* C. J., in *Smithey* v. *Edmonson,* 3 East, 22, 34. In debt on a bail bond by the assignee, if *non est factum* be pleaded, the plaintiff must prove the execution of the bond, but he needs not prove the assignment. Peake's Ev. 268. In debt, on a bond, by the assignees of a bankrupt, the defendant pleaded payment, and insisted that the plaintiffs should prove themselves assignees; but C. J. *Ellenborough* ruled it not to be necessary, and stated the general principle to be, that a party who puts himself upon one issue admits all the rest. *Corsbie* v. *Oliver,* 1 Stark. Rep.

*76.*—Vide 1 Chitt. Plead. 478-481.—*Gardner* v. *Gardner*, 10 Johns. Rep. 47.— July Term, *Denton* v. *Bours*, Anth. Rep. 177, and note.—*Thomas* v. *Woods*, 4 Cowen's 1820. Rep. 173.