Judge Davidge
delivered the opinion of the Court.
THIS was an action of detinue, brought by Davis -against Hocker, to recover the possession of a slave» *119 Pleas, non detinel and non dehnel within five years; issues on botli pleas; verdict and judgment for plaintiff; a new trial was moved, but overruled. Hocker appealed.
Case stated,
WillofHocker the eldejfi
Instructions ™ove(tbytiM! en an '
On the trial of the cause below, divert instructions were moved, and several bills of exceptions taken, in which the evidence is stated.
The plaintiff claimed the slave in question, under a devise to his wife, in the will of her father, Philip Hock-er the elder, which was duly proved and admitted to record in the county court of Ohio, on the 13th of Au*> gust, 1821. The testament, after several devises, none of which embrace the slave iti, question, contains the following residuary bequest:
“Item — 'I give and bequeath unto my daughter, Sarah Davis, all the rest of my property that I may be possessed of at my death, for her use and the use of her heirs, and that only; said property not to be subject to execution for the payment of any prior debts, or to be taken from the said Sarah or her heirs, without their free consent.”
The plaintiff having read the will in evidence, and introduced testimony conducing to prove that the slave was the former properly of the testator, the marriage of the plaintiff with the devisee, the possession of the slave by the defendant, and the right of the devisee to the slave, and having closed his evidence, the counsel for the defendant below, moved the court to instruct thejuryasin case of a nonsuit, which was refused, and an exception taken.
The court then permitted the plaintiff to prove the value of the slave, which was also objected to, and an exception taken.
In the further progress of the cause, the defendant, by his counsel, moved the court to instruct the jury: 1st, If they believed from the testimony, that Philip had beqn in possession of the mother of the slave in dispute five years previous to the emanation of the writ in this cause, and the child since its birth, without interruption, claiming them as his own, and against the will of the testator, they must find for the defendant; 2d, that if they believed that the child was born when its mother was in the possession of the defendant, adverse to the will of Philip Hocker the elder, and never was in his possession since, they must find for the defendant; *120 3d, if they believed that the wife of the plaintiff is alive, she ought to have joined in thé action, and for that failure, they must find for the defendant; 4th, that under the will of Philip Hocker, the property not particularly named and devised, vested in his executors or administrators; 5th, that if the slave in the declaration mentioned, at the time the will of Philip Hocker, sen. took effect, was held adversely to the right of the testator, and has been ever since held adversely to the right of the plaintiff, the plaitititf cannot maintain this action, but the right of action goes to the administrator tvitb the will annexed, there being testimony in the cause conducing to prove the possession to have been adverse to the right of the testator at the time the will took effect, and to the plaintiff ever since.
Assignment <*{ errors.
Tfiongh the established order and time for introducing . . testimony, ought to be adhered to in the general, the court may, to at-tainjustice, permit either party to introduce evidence of any material fact, before theju-rv retire.
The court gave the first instruction and overruled ali the rest.
The appellant assigns the' following errors: 1st, That the court erred in permitting the plaintiff to introduce testimony after the motion of the defendant to instruct as in case of a nonsuit, and also, after the testimony was finally closed on both sides; 2d, the court erred in their instruction to the jury to value the slave in dispute as a slave for life, when, by the will of Philip Hock-er, sen. she could only be held in slavery until she was twenty-five years of age; 3d, the court erred in ali the instructions for and on behalf of the plaintiff; '4th, the court erred in refusing to give the instructions asked for by the defendant, as set forth in his bill of exceptions; 5th, the court erred in overruling the motion for a new trial; fith, the court erred in ail the decisions and opinions given against the appellant, and in all in (livor of the appellee; 7th, that there is no finding of the jury on the plea of the statute oflirriitationsf 8t.h, there is no replication to the plea of the statute of limitations, but a joinder by the piaintiff, as if the replication had been filed by the defendant.
The first question that presents itself to our view, is, whether the court correctly decided in refusing to instruct the jury as in case of a nonsuit. As there was evidence conducing to show the right of the plaintiff to recover, we think they did; for the jury was the proper judges of the testimony.
The first error assigned, questions the correctness of the opinion of the court below, in permitting the jury *121 to bear evidence after a motion to instruct as in case of a nonsuit, and after the evidence had been gone through on both sides. It is usual, and most certainly desirable, when a party has commenced his evidence, that he should go through with it, and the propriety and convenience of such a practice, we apprehend, must be obvious to every person the least conversant in the business of courts of justice; yet we consider it in the discretion of the court below, to permit either party to introduce evidence of a material fact, at any time before the jury retires from the bar. taking care to exercise its discretion to effect the ends of justice, and seeing that the opposite party is not taken by surprise. Philips’ Law of Evidence 229, note; Braydon vs. Goulman, 1 Monroe 118.
The husband may sue aloneto ye~ devised to his wife during coverture.
the¡-e aresevera) ¡deas, a general ["substantially finding against all eas‘
pieaCofthe statute of limitation J£“°^d“r£ and the plaintiff joins is-not ava;i himself of the against him •» for the fault w;is *'*’ °'yn“
The second error assigned, we apprehend, from an attentive examination of the record, will be found to be predicated upon a misapprehension of fact. The court, it is true, did permit the question to be asked, what was the value of the slave for life; but did not instruct the jury'that that was the criterion of damages.
The third, fourth and sixth errors assigned, question the correctness of the opinions of the court below, as to all and each of the opinions given. It might suffice for us to observe, that we have been unable to diseover any error in all or either of them. We will, however, add, that the action was rightly brought by Davis, without joining his wife, and is fully supported by au thority. 1 Chitty 119; Pinkard vs. Smith, Litt. Cases 335; Act of 1800, Digest L. K. 1156.
The seventh error states, there is no finding of the jury on the plea of the statute of limitations. This assignment of error falls within the principle and reasoning of the ca=e of Warford vs. Isbel, 1 Bibb 151. There it was decided, that where there are several issues, a verdict for the plaintiff is a substantial finding against all the pleas, and such was the present case.
ille eighth and last error assigned, is, that there was no replication to the plea of the statute of limitations, but a joinder by the plaintiff. The plea concluded ,fo the country, the plaintiff joined issue, and, wc appro-bend, that the most that could be made of this objection, would be to say that it was an informality in mak- ' *122 ing up the issue, and the fault imputable to the defendant.
Sharp, for plaintiff; Triplett, for defendant.
The judgment must be affirmed with costs.