Nov. Term,
1834.

ANDREWS
v.
JONES.

---

## ANDREWS v. JONES and Another.

The right to a continuance of a suit in ·chancery until the next term after the issue is completed is not given by the statute unless depositions are to be taken.

On a bill to foreclose a mortgage, all the mortgaged premises may be ordered to be sold.

A mortgage, given to secure the payment of a certain debt by instalments, contained an agreement that on default in the payment of any one instalment, the whole debt should be then payable, subject to a deduction of interest from the payment of the money, to the time when it was to have been paid had no default occurred. *Held*, that on the non-payment of any instalment when due, a bill of foreclosure might be filed. *Held*, also, that the liability to pay the whole debt, upon any such default, could not be considered as a penalty.

*Saturday,
November* 29.

ERROR to the *Wayne* Circuit Court.

M'KINNEY, J.——This was a bill in chancery, brought by *J. C. & C. Jones* against the plaintiff in error, to foreclose a mortgage.

The bill in substance states, that on the 21st day of *June*, 1832, the defendant executed a deed of mortgage to the complainants for certain lots of land in the town of *Richmond*, to secure the payment of the sum of 202 dollars within sixty days, the sum of 618 dollars within six months, the sum of 636 dollars within twelve months, and the further sum of 490 dollars and 50 cents within eighteen months, respectively, from the date of the said conveyance; that it was agreed. by the conveyance, that should default be made in the payment of either

of the said sums, within the time when they are respectively made payable, then and in that case, the whole sum stipulated to be paid by the said conveyance, shall become due and payable, upon such default in the payment of any one instalment, yet subject to a discount of 6 *per cent. per annum*, from the time the same may be paid, up to the time when the same would have been due and payable, had no such default been made in the payment of any instalment. The complainants aver, that the first sum stipulated to be paid was paid within the specified time; that the second for 618 dollars was not paid, but a part of it, 545 dollars, was paid after the same became due and payable; that the two last instalments remain unpaid. Prayer for general relief.

The defendant below demurred to the bill, showing the following causes,—1. The last payment on the mortgage was not due at the time of filing the bill, to wit, on the 15th of *July*, 1833; 2. The provisions of the mortgage on the question of forfeiture are in effect penal, and not operative, therefore the suit is prematurely brought. The Circuit Court gave judgment on the demurrer in favour of the complainants.

The defendant then answered the bill, alleging the payment of a sum of money which was not credited. The complainants admitted the sum claimed as a credit, and on their motion, the cause was submitted to the Court on bill, answer, replication, and exhibits; the defendant objecting to the submission, and asking a continuance for a final hearing. The Court, however, heard the cause and rendered a decree for the complainants.

Several errors are assigned,—1. In overruling the demurrer to the bill; 2. In not continuing the cause to the term next after the issue was made up; 3. In decreeing the sale of all the mortgaged premises, and that the overplus should be paid to the plaintiff in error.

The principal question to be determined is embraced by the first error assigned. Before we approach that, we will dispose of the two last objections.

The provision of the statute regulating the submission of causes in chancery, 12th sec. Pr. in Ch. Rev. Code, 1831, is as follows:—"The issue may be made up by bill and answer, where a special replication is unnecessary; and when depositions are to be taken, the cause shall stand for hearing at the term next

after the issue is completed." In the case before us, the submission was on bill, answer, replication, and exhibits. The issue was made up, and as there was no application to continue the cause with a view to take depositions, it would seem that the statute does not authorise a continuance, and that the Circuit Court was therefore correct in refusing it. A continuance after the issue is made up, when depositions are to be taken, is founded upon the right of a party to meet the issue by testimony.

The third objection is settled by the case of *Shirkey* v. *Hanna et al.* decided at the present term (1).

In support of the demurrer to the bill, two grounds are assumed,—1. That the suit was prematurely brought, the last payment on the mortgage not being due at the time of filing the bill; 2. That the condition in the mortgage is penal and therefore not operative.

Before we examine the provisions of the statute, regulating the mode of proceeding in foreclosing a mortgage, it may not be irrelevant to remark, that prior to the statute, if a mortgage was executed to secure the payment of a sum of money payable by instalments, upon a failure to pay the first instalment, a bill to foreclose could have been exhibited. The forfeiture then accrued. *Adams et al.* v. *Essex*, 1 Bibb, 149.

The 25th section of the execution law, R. C. 1831, contains the provision by which mortgages are to be foreclosed. It provides, on default being made "in the payment of the mortgage-money, or the performance of the condition or conditions which they, &c. should have paid or performed, or ought to pay or perform, in such manner and form and according to the effect of the respective provisions, conditions, or covenants, comprised in the deeds of mortgage or defeasance, and at the days, times, and places, in the same deeds respectively mentioned and contained, in any purchase,—it shall and may be lawful for the mortgagee, &c. at any time after the expiration of the last day whereon the said mortgage-money ought to be paid, or other conditions performed, to file his bill, &c. in the proper Circuit Court, according to the course of the common law, to foreclose the equity of redemption," &c.

The statute does not restrain the right to covenant or enter into conditions, upon the non-performance of which, a bill to

foreclose an equity of redemption may be exhibited. It guards that right, and if such covenant or condition be not repugnant to law, it may be enforced. The only change in the common law made by the statute, we think, consists in its preventing a forfeiture of the mortgage, by a default made in the payment of one instalment, where a sum of money is stipulated to be paid in several instalments. But where a party thinks proper to waive the statutory provision, in the case of a sum of money agreed to be paid by instalments, and covenants that on a failure to pay any one instalment, the whole debt shall become due, it is a condition within the letter of the statute, which a Court would enforce. Suppose by the deed of mortgage, a power had been given to sell the land, without the intervention of a Court of equity, Can it be doubted, if that power had been strictly pursued, but that the sale would have been valid, provided we have no act, a question not now before us, requiring the intervention of a Court of equity to give validity to such sale? We think no doubt of this can be entertained.

The question then arises, the mortgagees having adopted this mode of foreclosing, On what day should the mortgage-money have been paid, or other condition in the mortgage-deed been performed? After specifying the different sums to be paid, and the several periods of payment, the deed contains this covenant, "It is further agreed, that should default be made in the payment of either of the above sums, within the time when they are respectively payable, then and in that case, the whole sum herein (by the deed) stipulated to be paid, shall become due and payable upon such default of payment of any one instalment, yet subject to a discount of 6 per cent. per annum, from the time the same would have been due and payable, had no default been made in the payment of any instalment." Here is a special covenant, which, if not construed a penalty, determines that the last day on which the mortgage-money became due, was on the day that default was made in the payment of either instalment.

This brings us to the inquiry, whether the condition is a penalty or not?

In *Tayloe* v. *Sandiford*, 7 Wheat. 13, it is said, "In general a sum in gross, to be paid on the non-performance of an agreement, is regarded as a penalty." In *Astley* v. *Weldon*, 2 Bos. & Pull. 346, a penalty is defined "a forfeiture annexed to a

contract or agreement, either for the better enforcing a prohibition, or by way of security for the doing of some collateral act agreed upon between the parties." So, when the payment of a smaller sum is secured by a larger, it must always be considered as a penalty. This question most frequently arises, when connected with that of liquidated damages; and some general rules have been adopted to determine when a sum covenanted to be paid shall be regarded as a penalty or as liquidated damages. Thus Starkie (3d vol. on ev. 1130) says, "Whether a particular sum specified in a covenant or other agreement was intended as a penalty, or as liquidated damages, depends on the *form* of the instrument, and the *intention* of the parties, as collected from the whole of the instrument;" and that "where the party binds himself to pay a specific sum as stipulated damages, or as a sum forfeited or due for non-performance of an agreement, such as not to continue in a particular trade or business, &c., and in general, as it seems, where a party enters into a contract, bottomed on a good consideration, to pay a stipulated sum in case he violate *the* contract, that sum is to be considered as stipulated damages."

Two cases in which this question has been made, have been before this Court, (*Gully et al.* v. *Remy*, 1 Blackf. Rep. 69, and *Horner* v. *Hunt*, id. 213,) in which it was decided, that, on a note for a certain sum payable on a specified day, with interest from the date if not punctually paid, interest from the date was recoverable in case of default. We entirely approve of the decisions in these cases, and are unable to distinguish a difference in principle between them and the case before us.

The condition, that a forfeiture should accrue on the non-payment at the specified time of any one of the instalments, did not impose on the plaintiff in error the payment of a sum of money he was not bound to pay; but only changed the time of payment, not with additional interest, but on the contrary with a discount of 6 *per cent. per annum*, upon the whole sum agreed to be paid, from the time the same would have been due and payable, had default not been made in the payment of an instalment. The advantage to the mortgagees was the forfeiture, to the mortgagor, at least an equivalent, a discount of 6 *per cent. per annum* on the whole sum. This is a stronger case for the interposition of equity, than that of the mortgage at 5 *per cent.* with a clause of reduction to 4, if the interest be regularly paid, mentioned in 3 Bl. Comm. 432.

We think from the authorities cited, from decisions upon the point, from the character of the covenant and the whole instrument, that the condition should not be considered a penalty.

*Per Curiam.*—The decree is affirmed with 1 *per cent.* damages and costs.

*O. H. Smith,* for the plaintiff.

*J. Rariden,* for the defendants.

(1) Ante, p. 403.