*Tuesday, June 10.*

---

RYHN and Wife *v.* COCHRAN.

A suit in chancery was ready for final hearing, under the act of 1838, as soon as the issue was completed, unless depositions were to be taken.

It was not necessary, under the act of 1831, to the validity of a will, that it should be recorded in the recorder's office.

APPEAL from the *Tippecanoe* Circuit Court.

DEWEY, J.—This was a bill in equity to foreclose a mortgage, filed by *Cochran* against *Ryhn* and wife in the office of the clerk of the *Tippecanoe* Circuit Court on the 15th of *January*, 1842. The answer was filed on the 7th day of the next term commencing on the 28th of *February*, 1842. It

*Tuesday, June 10.*

May Term,
1845.

RYHN
v.
COCHRAN.

admits the debt and mortgage as stated in the bill; but alleges that the consideration of the debt and mortgage was the purchase by *Ryhn* from the complainant of the mortgaged premises, which the complainant represented he held by a clear, unincumbered title in fee-simple; that *Ryhn,* believing the representation to be true, purchased the property, took a warranty deed for it, and gave the mortgage mentioned in the bill, executed by himself and wife, to secure the payment of the purchase-money; that he afterwards discovered that the complainant's title was not good; that one *James Cochran* formerly owned the property, and devised it to his daughter *Margaret C. Cochran,* one of his heirs at law; that she intermarried with one *Joseph Cochran,* and joined him in a deed of conveyance of it to the complainant, who sold it to the defendant *Ryhn,* and took the mortgage in question to secure the payment of the purchase-money. The defect in the complainant's title is alleged to be in this,—that the will of *James Cochran,* devising the property to his daughter *Margaret C.,* was never "proved and recorded" legally, and, therefore, she took nothing by it. The answer is made a cross-bill. On the 8th day of the term, the complainant filed his answer to the cross-bill, and admits that he represented his title to be perfect; that *James Cochran* once owned the mortgaged premises; that he devised them to his daughter *Margaret C.;* and that the complainant held them by a deed from her and her husband. He contends that the will was duly proved, and "recorded in the proper will record," and that his title was good and unincumbered. On the 9th day of the term the cause being called, the complainant moved the Court "to set it down" for final hearing then; the defendants objected, but the motion was granted; the cause was heard and determined "on the bill, answer, cross-bill, answer thereto, and exhibits;" and the Court decreed a foreclosure and sale of the mortgaged premises.

On the hearing, the complainant produced and read a copy of the will of *James Cochran,* and the probate thereof, duly certified.

It is contended that the Circuit Court erred in going into the final hearing of the cause at the time it was called. By the chancery practice act, in force at that time, an issue might be made up by bill and answer, when a special replica-

tion was not necessary, and the issue being completed no continuance was given unless depositions were necessary. R. S. 1838, p. 440.—*Andrews* v. *Jones*, 3 Blackf. 440. The issue in this cause was finished by the filing of the answer to the cross-bill; and was of such a nature that no depositions were needed by either party. Indeed, the only matter in dispute was the validity of the will. The evidence was all documentary. The defendants neither claimed the right to file any further pleading, nor did they pretend that they were unprepared on the score of absent evidence. There was no valid objection to hearing the cause as soon as the issue was made.

It is also urged that the decree is erroneous, on the ground that the complainant had no title to the property which he sold to *Ryhn*, and of which he took a mortgage from him to secure the purchase-money. The objection made to the title is, that the will of *James Cochran* was invalid because it was not recorded, in proper season, in the office of the recorder of deeds.

The language of the statute of 1831, which governs this cause, is,—" That proved wills, testaments, and codicils, devising real estate, or an interest therein, shall be admitted to record in like manner as proved conveyances of real estate, and the records, and copies of such records, shall be of like force and effect as in cases of conveyances of real estate; but no lands, tenements, or hereditaments, shall pass by any will, testament, or codicil, to any person or persons, devisees in such will, testament, or codicil, who shall know of the existence thereof, and have the same in their power to control for the term of three years, unless within that time, such person or persons shall cause the same to be duly proved according to the provisions of this act; but such neglect shall be deemed fraudulent, and shall avoid such devise." R. S. 1838, p. 315. Admitting the place of recording wills, designated by the statute, to be the recorder's office, we do not understand the meaning of the language quoted to be, that they shall lose their efficacy unless they are recorded within three years after the devisee has knowledge and control of them. It is the failure to prove the will within the specified time, which avoids the devise. Wills, &c., are to be admitted to record as deeds are, and the records of them, and the copies of the

May Term,
1845.

records, are to have the same effect as the records and copies of records of deeds have. The recording of a deed has never been considered as essential to its validity. It is important only as a mode of giving notice of the existence of the deed; and its omission can be prejudicial only when the want of notice will give the preference to a younger claim.

*Per Curiam.*—The decree is affirmed with 3 *per cent.* damages and costs.

*D. Mace*, for the appellants.

*R. A. Lockwood*, *W. M. Jenners*, and *R. Jones*, for the appellee.