JACKSON v. BAXTER.

The plea of *nul tiel record,* (being the only one pleaded,) to a declaration which sets out a judgment and a statute of another State, admits the existence of the statute.

*Thursday,
May 25.*

ERROR to the *Steuben* Circuit Court.

BLACKFORD, J.—This was an action of debt, brought by *Baxter* against *Jackson.* The suit is founded on a judgment of the Supreme Court of *New-York* for the sum of 7,134 dollars and 50 cents. The declaration, after describing the judgment, sets out a statute of *New-York,* authorizing interest on judgments at the rate of seven *per cent. per annum,* and claims the amount of the judgment with interest at that rate.

Plea, that there is no record of the supposed recovery in the declaration mentioned.

Replication, that there is such record.

Judgment for the plaintiff for the amount of the judgment sued on, and the interest as claimed in the declaration.

A bill of exceptions, taken by the defendant, shows that he first filed a general demurrer to the whole declaration; which demurrer was overruled. He was then allowed to withdraw the demurrer on condition of his pleading *instanter.* He immediately filed the above-mentioned plea of *nul tiel record* of the judgment, and offered to file a general demurrer to that part of the declaration which alleges the existence of the *New-York* statute on the subject of interest. The Court, on the plaintiff's motion, refused to permit this second demurrer to be filed. The cause being then called for trial, the defendant demanded a jury, but the demand was refused, and the cause was submitted to the Court, without the defendant's consent.

The errors assigned are, 1. The refusal of the Court to permit the second demurrer to be filed; 2. The trial of the cause by the Court, without a jury, against the defendant's consent.

The first assignment of error is insufficient. Assuming, for argument's sake, that the defendant had a right to file

the second demurrer, he was not injured by the refusal. That demurrer, had it been filed, must have been overruled, the allegation demurred to being substantially good. If the defendant, in case the second demurrer had been filed and overruled, would have been entitled to plead to said allegation, he had the same right so to plead after his offer to demur was refused. As, therefore, the defendant was not injured by the refusal complained of, supposing such refusal to have been wrong, he cannot assign it for error. The record does not show that the defendant offered to plead to said allegation after his offer to demur to it was refused.

As to the second error assigned, we think that the cause was rightly submitted for trial to the Court without a jury. The declaration alleges the recovery of a judgment in *New-York* against the defendant, and sets out a statute of that state allowing interest on judgments at the rate of seven *per cent. per annum.* The plea denies the record of the judgment, but says nothing as to the statute. A question is thus raised, whether the existence of the statute is not admitted by the plea? It is certainly a rule of pleading, that, for the purposes of trial, a denial of one out of several allegations in a declaration, admits the facts stated in the other allegations. *Gwyne* v. *Burnell*, 6 Bingh. N. C. 453. If that rule applies in this case, there was no question presented by the issue but that respecting the record of the judgment.

We have no doubt but that the plea of *nul tiel record* of the judgment admitted the existence of the *New-York* statute. The declaration says there is such a judgment and such a statute. The plea says there is no such judgment. That plea admits the statute. The case may be assimilated to a suit on a bond, brought by the assignee of the obligee against the obligor. In such case, the declaration alleges two facts, namely, the execution of the bond by the defendant, and the assignment of it by the obligee. Should the defendant plead *non est factum*, he would admit the assignment of the bond. *Gully et al.* v. *Remy*, 1 Blackf. 69. To require proof of the assignment in the one case, or of

the statute in the other, a special plea in denial is necessary.

The only question, therefore, in issue in the case before us was as to the existence of the record of the judgment sued on. That judgment had the same validity in this state as it had in *New-York*, where it was rendered. *Mills* v. *Duryee*, 7 Cranch, 481.

The existence of the *New-York* statute might, no doubt, have been denied by plea. In the case of a private statute, the existence of the statute may be so denied. *Spring* v. *Eve*, 2 Modern, 241.—*Platt* v. *Hill*, 1 Ld. Raym. 381. And in a suit in England on notes executed in France, the French law of prescription relied on by the plea, was traversed by the replication. *Huber* v. *Steiner*, 2 Bingh. N. C. 202.

Whether the question as to the existence of the statute of *New-York*, had it been raised by plea, would have been for the Court or jury, we give no opinion.

*Per Curiam.*—The judgment is affirmed with 1 *per cent.* damages and costs.

*J. B. Howe*, for the plaintiff.

*J. K. Edgerton* and *S. Bigger*, for the defendant.