*Ellis, for appellants.*

*Carlisle, for appellee.*

---

J. B. ROBINSON & WIFE *v.* W. B. CALDWELL & WIFE.

**Process—Amended Petition.**

> Where an amended petition is filed, claiming two installments of rent, process must be issued on the amended petition, or judgment can not properly be rendered thereon.

**Municipal Corporations—Judgment for Unpaid Taxes—Proceeding.**

A city is not entitled to judgment for unpaid taxes upon a mere statement of the amount claimed to be due, but it must come into court by petition the same as other suitors.

**Pleading—Amendment—New Cause of Action.**

A court will not permit parties, under the guise of amendment, to set up new causes of action and take judgment thereon by default without process, without giving defendants an opportunity to be heard.

APPEAL FROM LOUISVILLE CHANCERY COURT.

December 30, 1872.

Opinion by Judge Lindsay:

There should have been process on the amended petition filed October 16, 1871. The two installments of rent therein alleged to be due and unpaid constituted new and distinct causes of action, and judgment could not properly be rendered for them until an opportunity was offered appellants to make defense.

The city of Louisville was not entitled to judgment for unpaid taxes upon a mere statement of the amount claimed to be due. No matter what her rights may be in regard to the collection of taxes by distraint and sale, when she chooses to come into a court of chancery to invoke its aid she must come like other suitors with her petition, and the parties against whom she asks relief must be brought into court by the service of summons. For these reasons the judgment in favor of Caldwell and wife is reversed. The cause is remanded for further proper proceedings.

*Elliott, for appellants.*

*Arbegust, for appellees.*

---

RESPONSE TO PETITION FOR REHEARING.

January 7, 1873.

Opinion by Judge Lindsay:

We are satisfied that a very slight examination of the authorities would have removed from the view of the learned counsel the con-

viction that in this case this court had disregarded either Sec. 159 of the Civil Code, the uniform practice of the Louisville Chancery Court, or the rulings of this court from 1808 to the present time, or the ancient rulings of the English chancery courts.

The two cases of *Rutledge v. Vanmeter,* 8 Bush 354, and *McIntosh v. Beard,* 6 B. Monroe 141, are exactly in point, and sustain our decision in this case. The cases cited by counsel in no wise militate against these decisions. In the case of *Adams v. Essex,* 1 Bibb 149, the defendant answered, and the question was whether or not the suit had been commenced prematurely. In the case of *Butler v. Butler,* 4 Little 203, the same question was involved, and in the case of *Outen v. Mitchell,* 1 Bibb 360, all the debts due and to become due were litigated and judgments rendered for them all to be enforced by execution as each installment should by the terms of the contract become payable. Whether or not the syllabus of the opinion in the case of *Ghiselen v. Sterrett* be correct we have no means of ascertaining, but it is certain that neither the Code of Practice nor the rules of equity proceedings authorize parties under the guise of amendments to set up new causes of action and take judgment thereon by default without giving the defendants an opportunity to be heard. The code allows amendments in furtherance of justice, and not to enable plaintiffs to obtain advantage over defendants who are not actually in court, and also contemplate making no defense to the causes of action set up in the original petition.

The petition for a rehearing is overruled.

*Elliott, for appellants.*

*Arbegust, for appellees.*