Nov. Term,
1851.

FORKNER
v.
DINWIDDIE.                    FORKNER and Another *v.* DINWIDDIE.

In a suit by *A.* and *B.* before a justice of the peace, the defendant pleaded to the declaration that the suit was brought in the names of *A.* and *B.* for the use and benefit of *A., B.* having no interest therein; that *A.,* before and at the commencement of the suit, and still, was the owner of the note; and that he, the defendant, had fully paid and satisfied the note in this, to-wit, that *A.,* at the commencement of the suit, and still, was justly indebted to him, the defendant, 75 dollars for work and labor, &c. *Held,* that the plea was valid in bar of the action.

*Tuesday,*
*November* 25.      ERROR to the *Wayne* Circuit Court.

PERKINS, J.—Suit was commenced in the names of *Euel Forkner* and *Marshall Wright,* before a justice of the peace, upon the following promissory note:

"Four months after date, I promise to pay to the order of *Euel Forkner* and *Marshall Wright,* forty-five dollars, for value received, with six *per cent.* interest after the 25th day of *December* next.    *November* 29th, 1848.

                                    *David Dinwiddie.*"

The defendant pleaded as follows:

"That the suit is brought in the names of *Euel Forkner* and *Marshall Wright,* for the use and benefit of *Euel Forkner,* the said *Wright* having no interest therein; and that the said *Forkner* is the only owner of said note, and was, before and at the time of the commencement of this suit. And the defendant further says, that he has fully paid and satisfied said note to the said *Euel Forkner,* in this, to-wit, that the said *Euel Forkner* is, and was, at the commencement of this suit, justly indebted to said defendant, 75 dollars, for work and labor," &c.

There was an appeal from the judgment of the justice of the peace to the Circuit Court. In that Court, the plaintiffs moved that the defendant's plea be set aside, on the ground that it alleged a set-off due from *Forkner* alone; but the Court overruled the motion. This is the error complained of. The set-off was, to some extent, proved and allowed.

In our statute on the subject of set-off, is this provision:

"If the action is brought by one person in trust, or for

the use of another, the defendant may set off any demand against the person for whose use or benefit the action is brought, in like manner as if that person were the plaintiff." R. S. p. 709, sub-section 7.

Had this suit, then, appeared upon the record as *Forkner* and *Wright*, for the use of *Forkner*, against *Dinwiddie*, the set-off would have been admissible. And if the suit be, in truth, for the use of *Forkner* alone, the fact should appear upon the record; and we do not think the omission of the beneficiary plaintiff to have the entry made, should preclude the defendant from pleading and proving the fact and availing himself of the benefit its existence may give him. We do not think the section of the statute should be construed to apply to those cases alone where the use or trust may be disclosed upon the record by the plaintiff or plaintiffs. (1.)

*Per Curiam.*—The judgment is affirmed with costs.

*J. S. Newman* and *J. P. Siddall,* for the plaintiffs.

*O. P. Morton,* for the defendant.

(1) See *Henry* v. *Scott*, May Term, 1852, *post.*