(1) Touching the origin and nature of the pardoning power, the counsel for the state cited 5 Ind. R. 363; Leiber's Civ. Lib. and Self-Gov. vol. 2, pp. 144, 145; Story's Com. on the ·Const. s. 1494; Beccaria on Crimes, out of Wilson's Works, vol. 2, p. 193; Puffendorf, book 8, s. 13; Montesquieu, book 6, c. 21; Vattel, book 1, c. 13, s. 173; Burlamaqui, Princ. Pol. Law, vol. 2, pt. 3, c. 4, ss. 32, 32; 3 Inst. 237, 238; 2 Hawk. P. C. 391; Stat. 12 and 13 Wm. and M. c. 2; 2 Edw. III. c. 2, confirmed by 10 *id.* c. 2; 14 *id.* c. 15. These *statutes* were never repealed. Hal. Mid. Ages, pp. 433, 434, and note.

(2) Appellee's brief missing.

---

## GRAY *v.* THE STATE and Others.

APPEAL from the *White* Circuit Court.

PERKINS, J.—Suit by the state upon the bond of *Jonathan P. Ritchey,* as swamp land agent, against him, his sureties, and two others. Breach, failure to pay over receipts of sales. Verdict and judgment for the state.

When *Ritchey* executed the bond in question, he conveyed to *William L. Brown,* as trustee for the sureties on the bond, a quantity of real estate. He also procured certain third persons to convey lands to said trustee for the indemnity of those sureties. *Brown* is made a defendant to the bill.

Among those alleged to have thus conveyed lands in trust to *Brown* is *William B. Gray.* On his application he was permitted to become a defendant. He answered that the deed made to *Brown* by him, was executed by the procurement of *Ritchey;* that it was put into his hands as an escrow, with positive instructions not to deliver it to *Brown,* the grantee, till the latter should pay the consideration-money therefor; that such payment was not made, and, hence, he had received no consideration for the lands, and they remained his, &c.

May Term,      This answer was not sworn to, but issue was formally
  1857.      taken upon it.

GRAY          On the trial *Gray* introduced *Ritchey* as a witness, and,
  v.       as the record runs, said *Gray* offered to prove by said wit-
THE STATE.    ness that said deed was never delivered to said *Brown*, but
that it was put into the hands of said witness as an escrow,
with positive instructions not to deliver the same to said
*Brown*, and not to allow it to be recorded until the price
or purchase-money should be paid; that none was ever
paid; that said witness in whose hands said deed had been
so placed, left said deed with the recorder for record, con-
trary to the instructions of said *Gray*, and without his
knowledge or consent; and that as soon as said *Gray*
learned that said deed had been left with the recorder, he
went to him and demanded said deed of him, saying that
he had received no consideration for the lands, and that the
leaving it for record was contrary to his positive instruc-
tions. All and each or any part of said evidence, the
Court refused to allow said *Gray* to make.

The answer not being sworn to, the execution of the
deed was admitted. Delivery is a part of the execution of
a deed, is included within the meaning of the term. It
would seem, therefore, that the delivery was admitted by
the answer.

The inducement to the sureties of *Ritchey* to become
such, was a sufficient consideration for the deed of *Gray*
to *Brown;* and, perhaps, if they became such on the faith
of that deed, without notice that it was really executed
upon a different consideration, *Gray* could not now deprive
them of the benefit of it. But in this case, (and we con-
fine ourselves to the simple point presented by the record,)
*Gray* alleged that the deed in question was made upon a
different consideration, to-wit, a consideration to be paid,
and that the consideration had failed. Issue was taken on
this allegation, and a jury was sworn to try it. We think,
therefore, the Court erred in not permitting the evidence
offered by *Gray*, to be given. It was pertinent to the issue
being tried.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded for further proceedings, with leave to amend.

J. *Pettit*, for the appellant.

D. D. *Pratt* and S. C. *Taber*, for the state.  R. C. *Gregory*, for the other appellees.