Nov. Term, 1858.

McCORMICK
v.
ECKLAND.

| 11 | 293 |
| 126 | 113 |

---

## McCORMICK v. ECKLAND.

An assignment is not complete without a delivery; and where a promissory note is found in the hands of one who had made an indorsement thereon, which, if accompanied by delivery, would have amounted to an assignment, the presumption would be that the assignment was never completed, and he might, even after suit brought, strike out such indorsement.

Nov. Term,
1858.

McCormick
v.
Eckland.

Friday,
December 10.

APPEAL from the *Tippecanoe* Court of Common Pleas.

Hanna, J.—This was a suit by *Eckland*, assignee of *Archbold*, against *McCormick*, as maker of a promissory note.

The defendant answered in two paragraphs—

1. A general denial.

2. That defendant was the owner of a part of said note, the same having been assigned to him by said *Archbold*, which assignment had been wrongfully erased, but that he was still the owner of said interest, and that the same is a payment thereon, &c.

The plaintiff put in a general denial by way of a reply, and alleged, also, that the said assignment was erased with the consent of the defendant.

Trial by the Court, finding and judgment for the plaintiff for the full amount of the note and interest.

A motion for a new trial was refused. The evidence is in the record, and, we think, sustains the finding of the Court. It consisted of the note and the assignment to the plaintiff, and the evidence of *Behm* that the cancellation of the assignment was made with the consent of the defendant, who then, and afterwards, promised the plaintiff to pay the note.

The defendant gave in evidence the erased assignment to himself, of "200 dollars of said note, to secure him, in case I fail to pay a certain note for 200 dollars, given by us mutually to one *John Eckland.*"

None of the pleadings were sworn to, but issue was taken without testing the sufficiency thereof; and so far as the record shows, the evidence was given without objection.

An assignment is not complete without a delivery; and if a note is found in the hands of one who had made an indorsement thereon, which, if accompanied by delivery, would have amounted to an assignment, the presumption would be that the assignment was never completed, and he might, even after suit brought, strike out such indorsement. Byles on Bills, top p. 216.— *Welch* v. *Lindo*, 7 Cranch, 159.— *Dugan* v. *The United States*, 3 Wheat. 172.

This would be the presumption, as to the rights of the holder, upon the note and assignments alone. The evidence, other than such note and assignments, in the case at bar, does not change the holder's rights.

*Per Curiam.*—The judgment is affirmed, with 10 per cent. damages and costs.

*W. C. Wilson* and *G. Gardner*, for the appellant.

*G. O. Behm*, for the appellee.