## STEVENS *v.* SONGER.

Where *A.* sells property to *B.*, and *B.*, by agreement, executes his notes to *C.*, the latter is entitled to sue on the notes; and *B.* will not be allowed to set up the want of interest in the note of *C.* at the time it was executed.

APPEAL from the *Rush* Court of Common Pleas.

WORDEN, J.—*Songer* sued *Stevens* on a promissory note, made by the latter to one *Caleb Holding*, and by *Holding* indorsed to the plaintiff.

The defendant answered in three paragraphs, to all of which demurrers were sustained, and final judgment was rendered for the plaintiff. The rulings on the demurrers present the only questions for decision here.

The first paragraph of the answer admitted the making

of the note, and that it was unpaid, and did not profess to set up any facts in avoidance. The demurrer to this was correctly sustained.

The second paragraph avers, in substance, that the note was given for property of one *Peter Songer*, and was made payable to *Holding* by order of said *Peter*, for the fraudulent purpose of preventing, hindering, and delaying the creditors of said *Peter*, in the collection of their debts; that *Holding*, without consideration, and by the direction of said *Peter*, assigned the note to the plaintiff, who is the nominal holder thereof, but that the note, and the whole interest therein, is the property of the said *Peter*, and that plaintiff holds the same for the fraudulent purpose of hindering, &c., the creditors of said *Peter*. The paragraph further alleges that, since the execution of the note, he has purchased divers notes against said *Peter*, describing them, which were executed before the note sued on, and offers to set them off against the note in suit.

The third paragraph is, in substance, the same as the second, averring the purchase by the defendant of an account against said *Peter*, which is sought, in like manner, to be set off.

These paragraphs, we think, were insufficient, and the demurrers to them properly sustained.

Leaving out of view any question of fraud, *Peter Songer* had the right to have the note made payable to *Holding;* and as between *Peter* and *Holding*, although fraudulent, the interest in the note would be in *Holding*. The defendant having consented to give his note to *Holding*, he cannot now say that he did not thereby become the debtor of *Holding*. As a debtor, he is estopped by his own act in giving the note, from saying that he became liable to *Peter Songer* and not to *Holding*. The creditors of *Peter Songer* might be placed in a different situation. They might, in a proper case, reach the property thus fraudulently transferred, or perhaps the note in the hands of the defendant. And perhaps, in a proper case (though upon this point we decide nothing), the defendant might, by purchasing claims against *Peter*, and thereby placing him-

self in their shoes, and entitling himself to the rights of a creditor, reach the debt in his own hands, as is sought to be done in this case. But in doing so he would be entitled to no greater rights than he would as a creditor seeking to make his money out of the property transferred, or the note. In such case, he would be required to exhaust the other property of *Peter*, or show that he was insolvent, before proceeding to reach the property thus fraudulently transferred, or the proceeds. *Law* v. *Smith*, 4 Ind. R. 56. The paragraphs under consideration are fatally defective, if for no other reason, because they do not allege the insolvency of *Peter Songer*, nor show but that he has property subject to execution, sufficient to pay the debts that are offered to be set off.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

· *L. Sexton*, for the appellant.

*G. C. Clark* and *P. A. Hackleman*, for the appellee.