31  159
125  264
31  159
128  515

---

## STEBBINS *v.* GOLDTHWAIT and Another.

PLEADING.—*Decedents' Estates.— Promissory Note.—Abatement.*—Where the assignee of a promissory note, to whom it has been indorsed in blank by the

payee, dies, intestate, and, there being no administration upon his estate, his widow, the note not having been made her property, assigns and indorses it in blank, and, the intestate having been largely indebted at the time of his death, his debts remain unpaid; or where, in addition to these facts, the maker holds a claim against the estate of the decedent, which in a suit by his administrator would be a proper set-off; in an action against the maker by one to whom the assignee of the widow has indorsed the note in blank, upon the note as if indorsed by the payee to the plaintiff, an answer, verified by affidavit, setting forth these facts and praying that the suit abate is good on demurrer.

SAME.—*General Denial.*—An answer of general denial not sworn to would not, under our code, put the plaintiff upon proof of the genuineness of the indorsement as shown by the complaint, or admit evidence of the facts set up in such answer in abatement.

APPEAL from the Grant Common Pleas.

FRAZER, J.—This suit originated before a justice of the peace. It was upon a promissory note made by the appellant, payable to one S. B. Campbell, and indorsed in blank by Campbell, and M. Stebbins, and George W. Stebbins. In this condition the note was filed as a complaint before the justice. When the cause came to the court of common pleas by appeal, a formal complaint was filed upon the note as if indorsed by Campbell to the plaintiffs, now appellees, and showing copies of the note and such an indorsement. The defendant then answered in two paragraphs verified by affidavit: First, that Campbell by indorsement assigned the note to one Jeremiah B. Stebbins, who afterwards and while holding the note died, intestate; that there was no administration upon his estate, nor was said note in any manner afterwards made the property of M. Stebbins, his widow; nevertheless, she assigned and indorsed the note to one George Stebbins, who assigned it to the plaintiffs; that Jeremiah B. Stebbins was largely indebted at the time of his decease, and his debts remain unpaid; wherefore the defendant prayed that the suit abate and be dismissed. Second, alleging substantially the same facts as the first, and also, that the defendant holds large claims against the estate of Stebbins, deceased, which in a suit by his administrator would be proper set-off, wherefore the defendant prayed that the

suit abate. A demurrer was sustained to each of these answers, and it is claimed that these rulings were erroneous.

Upon the trial, the court gave leave to the plaintiffs to strike off of the note the indorsed names, "M. Stebbins" and "George W. Stebbins," and to write above the name of Campbell an assignment to themselves; to which the defendant excepted, and he now questions the correctness of that ruling here.

The note thus indorsed was the only evidence offered, and it was admitted over the defendant's exception. After a finding for the plaintiffs, a motion for a new trial was overruled and a judgment rendered on the finding.

It is not pretended, on behalf of the appellees, that the facts pleaded were not a sufficient defense, but it is argued that the general denial which was in by statute (the case having originated before a justice of the peace) authorized the same proof. Such is not our opinion. The general denial not sworn to, would, under our code, have raised no question as to the genuineness of the indorsement as shown by the complaint, and would not, therefore, have put the plaintiffs upon proof of it, or admitted the evidence of the facts set up in the answer.

Reversed, with costs, and remanded, with directions to overrule demurrer.

*J. Brownlee,* for appellant.

*A. Steele* and *R. T. St. John,* for appellees.