## HOFFMAN ET AL. *v.* ZOLLINGER.

SET-OFF.—*Promissory Note.*—*Assignment.*—*Mutuality.*—In an action by the assignee of a note, not payable in bank, the defendant may set off a joint note made by the payee of the note sued on, as principal, for his individual debt, and by another as his surety, and held by the defendant as assignee thereof before notice of the assignment of the note sued on.

APPEAL from the Elkhart Common Pleas.

WORDEN, J.—This was an action by the appellee against the appellants upon a promissory note executed by the defendants, payable to the order of Jacob Ulery, and indorsed by the payee to Hawks Bros. & Co., the plaintiff being the alleged owner of the note. Issue, trial by jury, verdict and judgment for the plaintiff.

The defendants answered, setting up several matters of set-off, and amongst them a joint note, executed by Ulery and Jacob Hanes, payable to the order of Isaac Dean, and by the payee indorsed to the defendants, as was alleged, before the bringing of the suit, and before they had any notice of the assignment of the note, on which the suit was brought. The note thus pleaded as a set-off was alleged to have been executed by Ulery as principal, and for his individual debt, and to have been signed by Hanes merely as his surety. This portion of the defendants' answer, on motion of the plaintiff, was stricken out, on the ground that the note thus pleaded could not be set off against the plaintiff's claim. Defendants excepted. This ruling is the subject of the first assignment of error.

By our statute, a promissory note not payable in a bank in this State may be transferred by indorsement, but such transfer cannot defeat a set-off which the maker may have acquired against the payee or any assignor before notice of the assignment. 2 G. & H. 658, sec. 3.

Therefore the case stands, under the allegations of the pleading, as if Ulery himself were suing upon the note executed by the defendants, the transfer not defeating the set-

off if the defendants could have successfully set it up as against him.

The note pleaded as a set-off is alleged to have been given for the debt of Ulery, and to have been executed by him as principal and the said Hanes as surety, and the question arises whether there is such a want of mutuality as will prevent the set-off.

The general principle of law is, that mutual debts only can be set off against each other. Hence the sole debt of one cannot be set off against the joint debt of two or more, nor *vice versa.*

But there are cases which, in effect, hold that the debt of a principal, although there are sureties thereupon, may, for the purposes of set-off, be regarded as the sole debt of the principal. *Hanson, Ex parte,* 18 Ves. 232. In this case, it was said, that "the joint debt was nothing more than a security for the separate debt; and upon equitable considerations a creditor, who has a joint security for a separate debt, cannot resort to that security without allowing what he has received on the separate account, for which the other was a security." See also *Mahurin* v. *Pearson,* 8 N. H. 539; *Concord* v. *Pillsbury,* 33 N. H. 310; *Andrews* v. *Varrell,* 46 N. H. 17. In the latter case, the court say: "Although, by our statute, proper matters for set-off are mutual demands only, * * * yet it is not considered as conflicting with this rule to set off a note signed by a principal and his surety, against a note running to such principal alone; the debt in such case being considered the debt of the principal." See, further, 2 Story Eq. Jur., sec. 1437.

We have the following statutory provision: "In all actions upon a note or other contract against several defendants, any one of whom is principal and the others sureties therein, any claim upon contract in favor of the principal defendant, and against the plaintiff, or any former holder of the note or other contract, may be pleaded as a set-off by the principal or any other defendant." 2 G. & H. 89, sec. 58.

The case before us is not within the letter of the statute above set out, but is clearly within its spirit, and must be governed by it. If the parties had been reversed; that is to say, if the defendants herein had sued Ulery and Hanes upon the note which is attempted to be set off in this case, then Ulery, he being still the holder of the note herein sued upon, could have set the same off in the supposed action against himself and Hanes. That would have been a case strictly within the letter of the statute. We cannot, for a moment, suppose the legislature intended that the question whether two given claims might be set off against each other should depend upon the circumstance of one, and not the other, being sued upon. We conclude, therefore, that if Ulery, instead of his assignees, had brought this action, the note offered as a set-off would have been a proper subject of set-off. The case, we have seen, is not changed by Ulery's transfer of the note sued upon. His assignee stands in his shoes in this respect. We are of opinion, therefore, that the court erred in striking out this item of set-off.

This conclusion renders it unnecessary to examine the errors assigned in relation to subsequent steps in the cause.

The judgment below is reversed, with costs, with leave to the parties to amend their pleadings.

*A. S. Blake* and *R. M. Johnson,* for appellants.