MENDENHALL ET AL. *v.* BAYLIES.

47 575
126 113,

PLEADING.—*Promissory Note.*—*Party in Interest.*—To an action upon a promissory note payable in bank, and indorsed by the payee, a paragraph of answer by one of the makers, verified by oath, in which he attempts to plead a set-off or counter-claim, but which is bad for that purpose, if it alleges that the payee wrote his name across the back of the note, but never delivered it to the plaintiff, and that the plaintiff has no right, title, or interest therein, and is not the real party in interest, and that the payee owns and holds the note, is good, as showing that the suit is not being prosecuted by the real party in interest.

From the Wayne Circuit Court.

*L. D. Stubbs,* for appellants.

*Holland & Binkley* and *J. C. Whitridge,* for appellee.

PETTIT, J.—This suit was brought by the appellee, Edgar M. Baylies, against William D. Mendenhall, Gardiner Mendenhall, Isaac Warner, and Joseph M. Baylies, on a note, of which the following is a copy:

"$825,55.          RICHMOND, IND., June 3d, 1872.

" On the 1st day of January, 1873, after date, I promise to pay to the order of Joseph M. Baylies eight hundred and twenty-five dollars and fifty-five cents, at the First National Bank, Richmond, Indiana, with interest payable annually at the rate of ten per cent. per annum, and after maturity with interest at the rate of ten per cent. per annum, and attorney's fees if suit be instituted on this note. Value received, without any relief whatever from valuation or appraisement laws. The drawers and endorsers severally waive presentment for payment, protest, and non-payment of this note.          WM. D. MENDENHALL,

" ISAAC WARNER,

" G. MENDENHALL."

Indorsed:  " J. M. BAYLIES."

The complaint was in the usual and proper form against the makers and endorsers of such note.

Warner was not served with process, and did not appear. Joseph M. Baylies, the payee and indorsee, was served but did not appear, and was defaulted. The two Mendenhalls

appeared and answered, first, the general denial; second, payment; and, third, as follows:

" For amended third paragraph of answer, the said William D. Mendenhall and Gardiner Mendenhall say, that on the 14th day of May, 1872, the said William D. Mendenhall and the said Joseph M. Baylies made an agreement, a copy of which is hereto annexed and made a part hereof; that afterward, on the 3d day of June, said William and Joseph made a second agreement modifying the first agreement in part, and adopting the balance, which last agreement is also annexed hereto and made a part hereof; by which agreements, among other things, it was agreed on the part of said William, that he would convey to said Joseph certain real estate, to wit, lot 510, in that part of the city of Richmond, Wayne county, State of Indiana, laid off by Elizabeth Starr, excepting twenty-five feet off of the west side of said lot, and execute and deliver to said Joseph his note for eight hundred and twenty-five dollars and fifty-five cents, due January 1st, 1873, with said Isaac Warner and Gardiner Mendenhall as sureties; and that he would pay certain rents, and do and pay for certain repairs and painting; in consideration of which the said Joseph agreed, among other things, to transfer to said William certain shares of stock, in number 265, in the incorporated manufacturing company of Baylies, Vaughn & Co., or to whom said William should direct; and that said William should have the dividends on said stock accrued from January 1st, 1872; and, as an inducement to said William to enter into said agreement, said Joseph falsely and fraudulently represented to said William that the said incorporated company had solvent notes amounting to eleven thousand dollars, and that the liability of the company was seven thousand dollars, and that they had an amount of solvent notes above their indebtedness of four thousand dollars; and defendant William, relying on said representations, entered into said agreement, and performed his part of said agreement, and executed said note, with the said Gardiner Mendenhall and Isaac Warner as sureties, and which note is the

Mendenhall *et al. v.* Baylies.

one now in suit; and the said Joseph Baylies transferred said stock, one hundred and twenty shares, to Sarah Ann Warner, one hundred and twenty shares to Anna E. Mendenhall, and twenty-five shares to William D. Mendenhall, as directed by the said William. Defendants say that said representations were false and fraudulent, in this, that there was not any surplus of notes, nor any surplus of choses in action belonging to said company, over and above the liabilities of said company; that said two hundred and sixty-five shares of stock would have been worth thirteen hundred and five dollars more than they were, and said twenty-five shares of stock one hundred and twenty-five dollars more than they were, had said representations been true; and that said William was damaged by said representations one hundred and twenty-five dollars; and that said Joseph M. Baylies wrote his name across the back of said note, but never delivered the same to the said Edgar, and the said Edgar has no right, title, or interest therein, and is not the real party in interest; and that the real party in interest is the said Joseph, who owns and holds said notes; and that to prevent said defendants from setting up said damages as a defence to said note, suit has been brought in the name of said Edgar M. Baylies."

This paragraph was verified by oath. There was a demurrer for want of sufficient facts sustained to it, exception taken, and this ruling is assigned for error.

This is not an answer of set-off or counter-claim. Neither is asked, and in that view it would be bad, for it does not ask a reduction of the plaintiff's claim or demand, but only alleges that the defendant William was damaged in the sum of one hundred and twenty-five dollars. But it is an answer under oath denying the assignment of the note, by denying that it was ever delivered, and that the plaintiff has any right, title, or interest in or to it, and averring that the payee is the holder and owner of the note.

In this view, we hold the answer good. To pass the title

to a note either from the maker to the payee, or from the payee to an indorsee, there must be a delivery, either actual or constructive. *Ketcham* v. *The New Albany and Salem R. R. Co.,* 7 Ind. 391 ; *Mahon's Adm'r* v. *Sawyer,* 18 Ind. 73 ; *Prather* v. *Zulauf,* 38 Ind. 155 ; *McCormick* v. *Eckland,* 11 Ind. 293 ; *Gully* v. *Remy,* 1 Blackf. 69; *Gray* v. *The State,* 9 Ind. 25 ; *Stebbins* v. *Goldthwait,* 31 Ind. 159.

Many other cases in this court and the courts of other states to the same purport might be cited, but we have enough already referred to.

Every action must be prosecuted in the name of the real party in interest. 2 G. & H. 34, sec. 3. This answer shows that this suit was not being so prosecuted.

The fourth paragraph of the answer was the same as the third, as to the trade, contract, and transfer of stock, but it did not deny the assignment of the note by delivery, and was bad for the reasons given as to the third paragraph on these points, and, perhaps, because it does not show that William D. Mendenhall had not the same and equal means to, and did not know the condition of the company, and value of its stock and assets, as the payee of the note had.

There are other questions raised in this case, but they relate to a continuance and the sufficiency of the evidence, and need not be passed upon, as the appeal and reversal will operate as a continuance and the evidence, under a new state of pleadings, may again have to be introduced. It may well be doubted whether they are properly in the record within the meaning of the constitution of the State requiring us to pass on all questions in the record, as they would not, or might not have been in the record, if the ruling on the third paragraph of the answer had been correct.

The judgment is reversed, at the costs of the appellee, with instructions to overrule the demurrer to the amended third paragraph of the answer.

Mendenhall *et al. v.* Baylies.

ON PETITION FOR A REHEARING.

PETTIT, J.—At the last term this cause was reversed for the error of the court below in sustaining a demurrer to an answer of non-assignment, which was sworn to. The concluding part of that answer was in these words : "And that said Joseph M. Baylies wrote his name across the back of said note, but never delivered the same to the said Edgar ; and the said Edgar has no right, title, or interest therein, and is not the real party in interest; and that the real party in interest is the said Joseph, who owns and holds said note." This was a good and perfect answer of non-assignment, and denial of the right of the plaintiff to maintain the action, and the demurrer to it ought to have been overruled, and we so held in our opinion.

The note was payable in a bank, and therefore governed by the law merchant, and no defence of set-off or counterclaim could be set up to it in the hands of an indorsee before due, and without notice.

The answer also attempted to set up a set-off or counterclaim to the note, if in the hands of the payee. This part of the answer we held bad, as against the payee of the note, because it was not well pleaded ; and surely it was bad as against the indorsee before due and without notice ; but we held the answer good as a denial of the assignment and of the right of the plaintiff to maintain the suit.

A long and earnest petition and brief for a rehearing has been filed, on the grounds that the answer did not show that the defendants (appellants) had a good set-off to the note if it had been sued on by the payee, and that the payee and indorser was sued in the same suit, and that he was defaulted and made no objection to the suit's being prosecuted by and in the name of the plaintiff, the alleged indorsee of the note.

It is enough to say that the answer showed that the plaintiff had no right to maintain the suit on the note, and that it will be in time and soon enough for the defendants to show

that they have a defence to the note, when they are sued by the proper party, the payee, holder and owner of the note.

And as to the action, or non-action, of Joseph M. Baylies, the payee and alleged indorser of the note, in the suit, we hold that it cannot affect the right of the makers of the note to require that the suit should be brought by the legal holder and owner of it.

The petition for a rehearing is overruled.