Wulschner *v.* Sells.

<hr/>

No. 10,032.

WULSCHNER *v.* SELLS.

PROMISSORY NOTE.—*Endorsement.*—*Delivery.*—An endorsement of a promissory note without delivery passes no title, and a complaint by the holder thereof, showing such an endorsement by him, is not, for that reason, insufficient.

SAME.—*Married Woman.*—*Contract.*—Under section 3, Acts 1879, p. 160, a promissory note executed by a married woman for personal property bought by her for herself is valid.

SAME.—*Husband and Wife.*—*Consideration.*—*Gift.*—*Set-Off.*—*Assignor and Assignee.*—*Estoppel.*—Suit by an assignee on a note payable to a husband and wife. Answer, as a set-off, that the consideration moved exclusively from the husband, and that the wife's name as a payee was inserted at his request; that the husband then owed, and still owes, the defendant $500 for rents, and is a non-resident and insolvent.

*Held,* that the answer was insufficient.

*Held,* also, that the effect of such request complied with was to make the wife the donee of the husband, and by such gift, in the absence of fraud, she acquired a joint interest in the note, and a claim against her husband alone could not be set off against them or their assignee.

*Held,* also, that the maker of the note was estopped from saying he became indebted to the husband only.

From the Superior Court of Marion County.

*D. V. Burns* and *C. S. Denny,* for appellant.

*P. W. Bartholomew* and *E. C. Buskirk,* for appellee.

BICKNELL, C. C.—The appellee brought this action against the appellant upon a promissory note, of which the following is a copy:

"INDIANAPOLIS, IND., March 2d, 1880.

"Twelve months after date I promise to pay to the order

of O. W. & F. A. Kelly, two hundred and fifty dollars, at Emil Wulschner's store, 44 North Pennsylvania street, for value received, without any relief from valuation or appraisement laws, with eight per cent. interest from date until paid,. and attorneys' fees."    [Signed]    "FLORA WULSCHNER." Endorsed : "F. A. KELLY. O. W. KELLY. MICHAEL SELLS."

The complaint alleged that the note was assigned to the plaintiff for value, and was due and unpaid.   The defendant filed an answer alleging that when she executed the note she was the wife of Emil Wulschner.   A demurrer to this answer was overruled.   The plaintiff replied to said answer in two paragraphs :

1st. A denial.   2d. That the note was given in pursuance of a contract between the payees and the maker, in reference to her separate personal property, for the purchase of personal property by her from the payees for her own use, which property was delivered to her, and which she now has.   To the second paragraph of said reply the defendant demurred, and said demurrer was overruled.

Defendant filed three further paragraphs of answer, as follows :

2d. That the payees of said note, the plaintiff's assignors, on the 3d day of December, 1877, became indebted to defendant in the sum of $500, for the rents and profits of certain real estate, all of which is due and unpaid, and for which she claims a set-off, etc.

3d. This paragraph, as amended, alleged that, at the date of the note sued on, O. W. Kelly and F. A. Kelly were husband and wife ; that no part of the consideration of the note was paid by her ; that the note was given for property of O.. W. Kelly, and F. A. Kelly's name was inserted as one of the payees at the special instance and request of said O. W. Kelly ; that O. W. Kelly was then and still is indebted to the defendant in the sum of $500, for rents and profits of real estate, and in the sum of $125 on his promissory note, payable to William Sullivan, and by him endorsed to defendant before the execution of the note in suit, and still unpaid, and that

said O. W. Kelly is not a resident of the State of Indiana, and is insolvent.

4th. This paragraph is substantially the same as the amended third paragraph, except that it omits the allegation as to the Sullivan note.

Demurrers to the amended third and to the fourth paragraphs of the answer were sustained. The plaintiff replied to the second paragraph of the defendant's answer in three paragraphs, to wit:

1. A denial. 2. That said F. A. Kelly is a married woman. 3. That said O. W. and F. A. Kelly occupied the land mentioned in said second paragraph of answer, as the tenants of James Kelly, who has rented the same from defendant by the year.

The issues were submitted to the court for trial, who found for the plaintiff $335.30. The defendant moved the court for judgment in her favor upon the pleadings, claiming that said pleadings show that she is entitled to judgment, and that the plaintiff can not legally recover. This motion was overruled, and judgment was rendered upon the finding. The defendant moved for a new trial for the following reasons:

1. The finding is not sustained by sufficient evidence. 2. The finding is contrary to law. 3. The judgment rendered is excessive in amount. 4. The court erred in overruling the defendant's motion for judgment on the pleadings. This motion was overruled.

The defendant appealed to the superior court in general term. She assigned errors there as follows:

1st. The court in special term erred in overruling the motion for a new trial.

2d. The complaint does not state facts sufficient to constitute a cause of action.

3d. The court erred in sustaining the demurrer to the third paragraph of the answer.

4th. The court erred in sustaining the demurrer to the fourth paragraph of the answer.

5th. The court erred in overruling the demurrer to the

second paragraph of the reply to the first paragraph of the answer.

6th. The court erred in overruling the appellant's motion for judgment on the pleadings.

The superior court, in general term, affirmed the judgment of the court in special term. The defendant appealed to this court, and assigns for error, that the superior court, in general term, erred in affirming the judgment of the court in special term.

The second and sixth specifications of the assignment of errors at the special term are treated in the appellant's brief as "raising the question of the right of the appellee to a judgment upon his complaint." It is urged that as the copy of the note annexed to the complaint has the signature of the appellee as an endorser, "he thereby shows himself not to have been the owner thereof at the time of the commencement of the suit." But it has been often decided, that the assignment of a note is not complete without a delivery, and that where a promissory note is found in the hands of one who has made an endorsement thereon, which, if accompanied by delivery, would have amounted to an assignment, the presumption will be that the assignment was never completed, and that he may, even after suit brought, strike out such endorsement. *McCormick* v. *Eckland,* 11 Ind. 293. The complaint was therefore sufficient; the second and sixth specifications of the assignment of errors at the special term are not available.

The fifth specification in said assignment of errors presents the question as to the sufficiency of the plaintiff's second paragraph of reply to the first paragraph of defendant's answer; that answer alleged the coverture of the defendant; the reply alleged that the note was given in pursuance of a contract in reference to the wife's separate personal property, etc. The act of March 25th, 1879, Acts 1879, p. 160, section 3, provides that "A married woman may enter into any contract in reference to her separate personal estate, * * the same as if

she were sole, and her separate estate, real and personal, shall be liable therefor," etc. The note being dated March 2d, 1880, there was no error in overruling the demurrer to the reply.

The first specification of the assignment of errors at the special term has reference to overruling the motion for a new trial. The only reason for a new trial discussed in the appellant's brief is, that the finding was not sustained by sufficient evidence; the others are therefore regarded as waived. The evidence certainly tended to support the finding; therefore we can not say that the court in special term erred in overruling the motion for a new trial. The principal question in the case arises upon the errors assigned upon the sustaining of the plaintiff's demurrers to the third and fourth paragraphs of the defendant's answer. These may be considered together. In general, mutual debts only can be set off against each other; hence the sole debt of one can not be set off against the joint debt of two or more, and *vice versa. Hoffman* v. *Zollinger*, 39 Ind. 461.

But this rule has exceptions. Whenever it is necessary to do equity or prevent irremediable injustice, the set-off will be allowed, though the debts are not mutual. In cases of insolvency, or of joint credit given on account of individual indebtedness, or where the joint debt is a mere security for the separate debt of the principal, the equity is obvious, and the set-off will be allowed. *Brewer* v. *Norcross*, 17 N. J. Eq. 219; *Carter* v. *Compton*, 79 Ind. 37; see also *Hoffman* v. *Zollinger, supra.*

In *Keightley* v. *Walls*, 27 Ind. 384, this court said: " This is an application to compel a set-off, and thus satisfy both demands. As a foundation for the interposition of the power of a court of equity to attain the end, the insolvency of Walls, the judgment defendant, for whose beneficial use it is averred the note is held, is alleged. That this is sufficient was intimated in *Keightley* v. *Walls*, 24 Ind. 205, and is as well settled as any proposition can be by the courts. *Lindsay* v. *Jackson*, 2 Paige, 581."

In the earlier case of *Stevens* v. *Songer*, 14 Ind. 342, Songer sued Stevens on a note made by him payable to Holding, and endorsed by Holding to the plaintiff.   It was intimated that the defendant, by proper averments, might enforce against the nominal plaintiff, the assignee, as a set-off, a debt due defendant from the real party in interest, to whom the note sued on belonged, but it was held that such a defence would be bad without an averment of the insolvency of the real party in interest.

The answers under consideration aver that O. W. and F. A. Kelly were husband and wife; that the note was given for the property of O. W. Kelly; that he is the real owner of the note; that none of the consideration of the note moved from the wife; that the husband is insolvent; that defendant has claims against him which she seeks to set off against the note in suit.

A note payable to husband and wife, given for a loan of money, or sale of his own personal property by the husband, was formerly held to be, in legal effect, payable to the husband.   *Leedy* v. *Crumbaker*, 13 Ind. 523.   And in *Forkner* v. *Dinwiddie*, 3 Ind. 34, it was held that, in a suit by A. and B. upon a note payable to them, the defendant might plead and prove that the suit was brought by A. and B., for the use and benefit of A., B. having no interest therein, and that the defendant might offset, in such suit, a claim held by him against A.   A suit brought by A. and B. upon a note which, in legal effect, is the property of A. only, is substantially an action for the use of A., and, as to set-off, is governed by the case last cited.   And as to this matter of set-off, ordinarily it makes no difference whether the action in such a case be brought by the payees, one of whom is the real owner, or by the assignee of the payees, as in this case, because, under sec. 6 of the code of 1852, all actions by assignees are without prejudice to any set-off or other defence existing at the time of or before notice of the assignment.   The answers under consideration, however, contained the further allegation that "The name of F. A. Kelly was inserted in said note as one

of the payees thereof, at the special instance and request of said O. W. Kelly." The legal effect of such a request complied with was, as the law then stood, to make F. A. Kelly the donee of her husband; he had a right to give his wife a joint interest in the note. The legal presumption is that here was a gift to the wife, and, there being no fraud alleged, it was a valid gift; and she having thus acquired a joint interest in the note, a claim against her husband alone could not be set off against them or their assignee. *Johnson* v. *Kent*, 9 Ind. 252; *Blankenship* v. *Rogers*, 10 Ind. 333; *Booe* v. *Watson*, 13 Ind. 387; *Robertson* v. *Garshwiler*, 81 Ind. 463.

In such a case the defendant is estopped from saying that by the note she became indebted to O. M. Kelly only. In *Stevens* v. *Songer, supra,* this court said, by WORDEN, J.: " Leaving out of view any question of fraud, Peter Songer had the right to have the note made payable to Holding. * * The defendant having consented to give his note to Holding he can not now say that he did not thereby become the debtor of Holding. As a debtor, he is estopped by his own act in giving the note, from saying that he became liable to Peter Songer and not to Holding." The answers, therefore, did not show any valid set-off, either in law or equity, and there was no error in sustaining the demurrers thereto. The judgment of the court in general term ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and it is hereby in all things affirmed, at the costs of the appellant.