Abshire v. Corey et al.

Filed March 2, 1888.

———

No. 13,077.

ABSHIRE v. COREY ET AL.

PROMISSORY NOTE.—*Assignment.—Notice.—Defences.—Law Merchant.*—Defences existing before notice of assignment are available as against a note not negotiable by the law merchant.

SAME.—*Endorsers.—Parties.*—The endorsers of a promissory note are not necessary parties to an action thereon.

SAME.—*Set-Off.—Mutuality.—Exception to Rule.—Husband and Wife.—Suretyship.*—A promissory note executed by a husband and wife, the latter being surety merely, is available as a set-off against a note executed to the husband.

SAME.—*Tender.*—*Subsequent Assignment.*—A tender to the holder of a note, if properly made, is valid, although the note is subsequently assigned.

SAME.—*Premature Tender.*—An answer which pleads a tender as a defence is not good if it shows that the tender was made before the debt was due.

From the Wells Circuit Court.

*A. N. Martin* and *H. L. Martin,* for appellant.

*J. S. Dailey, L. Mock* and *A. Simmons,* for appellees.

ELLIOTT, J.—The complaint of the appellant is founded on a promissory note executed by the appellees to A. C. Brittenham, and by him assigned to the appellant before maturity.

The first paragraph of the apppellees' answer alleges that Hiestand executed the note as surety for Corey; that, on the 1st day of March, 1884, A. C. Brittenham executed a promissory note to Albert Dawson; that, before Corey or Hiestand had any notice or knowledge that the note sued on had been assigned to the plaintiff, Dawson endorsed to Corey the note executed to him by Brittenham; that it is due and unpaid; that Mary C. Brittenham, who signed the note, was the wife of A. C. Brittenham, and executed it as the surety for her husband.

This answer also alleges that A. C. Brittenham executed a note to Richard A. Waldron, by whom it was endorsed to the defendant Corey before either he or Hiestand had any notice of the assignment to the plaintiff of the note sued on; that it remains due and unpaid; that before the action was commenced the defendants tendered to the plaintiff's assignor, while he was the owner of the note sued on, the amount due on the note in excess of the amount due on the notes executed by Brittenham, and that they bring that sum into court for the plaintiff. Copies of the two notes referred to in the answer are filed as exhibits.

The second paragraph of the answer is substantially the same as the first.

The note executed by the appellees was not payable in bank, and is, therefore, not governed by the law merchant.

Defences existing before notice of assignment are available as against a note not negotiable by the law merchant, and if the notes set forth by way of defence are valid, they constitute a legal set-off if the other elements of a set-off exist.

There is not a particle of merit in the appellees' contention that the endorsers of a promissory note must be made parties to the action. If there had been a mere transfer by delivery it would be otherwise.

It is argued with much plausibility that the note executed to Albert Dawson by Brittenham and his wife is not available as a set-off, because the element of mutuality is absent. Undoubtedly, the general rule is that mutuality is essential, but there are well defined exceptions to this rule, and the question is whether this case falls within the rule or within the exception. The argument of appellees' counsel is based upon this position : " The allegation that Mary C. Brittenham was a married woman is mere surplusage; the material averment being that she signed the note as surety, and that the consideration did not move to her." The counsel, proceeding on this basis, argue that the fact that Mary C. Brittenham was surety takes the case out of the general rule, and enables the appellees to make use of the note as a set-off against a note executed to her husband. This position is supported by the cases of *Hoffman* v. *Zollinger*, 39 Ind. 461, *Wulschner* v. *Sells*, 87 Ind. 71, and *Sefton* v. *Hargett, post*, p. 592.

It is insisted that the answers are bad, because they do not aver that the tender was made to the plaintiff. They do aver that it was made to Brittenham while he was the owner of the note, and this meets the objection under immediate mention, for a tender to the holder of a note, if properly made, is valid, although the note is subsequently assigned.

The further objection is made that the answers show that the tender was made before the note was due. The contention is well founded in fact, for the complaint expressly avers that the note was assigned to the plaintiff before maturity,

and this is admitted, because it is not denied. The contention is well founded in law. The rule undoubtedly is that a premature tender is of no effect. A creditor is not bound to accept money until it is due. *Reed* v. *Rudman*, 5 Ind. 409; 2 Wharton Contracts, section 980.

Appellees' counsel are in error in assuming that the answers aver that the money was tendered to the plaintiff; the averment is that the tender was made to his assignor.

The contention that the answers are good because they are in the form prescribed by the code of 1852 can not prevail. If in any case those forms can now be safely followed, they can not be in a case where, as here, it appears that they are not applicable. We hold that the form is not applicable, because its use necessarily puts the defendant, in such a case as this, in the attitude of affirming that he tendered money in payment of a debt not due. An answer which pleads a tender as a defence can not be good if it shows that the tender was made at a time when the defendant had no right to make it. We see no escape from the argument of the appellant.

The tender was indispensably essential to make the answer good. This we say, because the pleading professes to answer the entire complaint, and without the part averring tender, it answers only a part of the complaint. It is a familiar rule that an answer assuming to respond to an entire ·complaint, but, in fact, responding to only a part of it, is bad on demurrer.

Judgment reversed.

Filed Feb. 29, 1888.