Filed Nov. 19, 1890.

---

No 14,606.

WEADER *v.* THE FIRST NATIONAL BANK OF CRAWFORDS-VILLE.

SET-OFF.—*Action on Note.—Assignment.*—In an action on a note executed by the defendant to the plaintiff's endorser, a note of the endorser which the defendant had contracted to purchase from the payee, but which was not delivered until after the defendant had received notice of the endorsement to the plaintiff, is not available as a set-off.

From the Montgomery Circuit Court.

*J. R. Courtney,* for appellant.

*F. M. Dice, A. B. Anderson* and *B. Crane,* for appellee.

BERKSHIRE, C. J.—The appellee, who was the plaintiff below, sued the appellant upon a promissory note executed by him to one Mary A. Reiffel, and by her endorsed to the appellee as collateral security. The appellee recovered judgment.

The facts which appear in the special finding of the court, so far as we need state them to present the one question which we are called upon to decide, are about as follows:

The appellee's endorser had, long before the execution of the note sued on, executed her note to one M. V. West, and which had matured before the commencement of this action. Before notice of the assignment of his note to the appellee the appellant had by parol purchased the note executed by the said endorser from the holder thereof.

The facts involved in the transaction between West and the appellant were as follows:

Weader v. The First National Bank of Crawfordsville.

On the 10th day of July, 1887, the appellant purchased said note and agreed to pay therefor the sum of $100, with the privilege to the vendee of accepting meat (the appellant being a butcher) or cash, or both, at his pleasure; and at the time fifty cents was paid in meat, but at that time West did not have the note with him, and for that reason it was not delivered to the appellant; that before the 1st day of November, 1887, West had received from the appellant in meat on account of the purchase-price of said note, twenty dollars. On the said 1st day of November the appellee notified the appellant that it held his said note, which was the first notice the appellant had thereof; that on the next day but one following, West delivered to the appellant, pursuant to the purchase as agreed upon, the note of the appellee's endorser; and the question arises whether or not the appellant was entitled to a set-off on account of said last named note as against the note sued on.

The trial court held as a conclusion of law that the right of set-off did not exist.

The appellant has in his brief cited us to no authority in support of his contention that the appellant was entitled to the benefit of the set-off claimed.

In Waterman Set-Off, section 55, it is said that the defendant may set off a claim of which he is the absolute owner, although he may not have the strict legal title to it.

In section 104 the same author says that where a negotiable note is assigned for a valuable consideration, and an action is brought for the benefit of the assignee in the name of the payee, the maker may set off a debt due to him at the time of the assignment from the payee.

At section 112 the author says that when a note or other liability of the payee of a note is attempted to be set off by the maker of the note on which the suit is brought as against the assignee, such set-off can not be allowed unless it appears that the defendant was the owner of such set-off at the time he received notice of the assignment.

In *McCormick* v. *Eckland,* 11 Ind. 293, this court held that an assignment of a promissory note is incomplete without delivery.

The case above was approved and followed in *Wulschner* v. *Sells,* 87 Ind. 71.

In *Mendenhall* v. *Baylies,* 47 Ind. 575, it is said that to pass the title to a promissory note, either from the maker to the payee, or from the payee to an endorsee, there must be a delivery, actual or constructive.

Under the contract of purchase here in question no time was fixed within which the note was to be delivered by West to the appellant, and until delivery there was no transfer of ownership.

The appellant was not in a condition to maintain replevin for the note had West, upon demand, refused to assign the note; the contract was but an executory contract for the purchase and sale of the note. Had West, after making the contract, brought suit against Mrs. Reiffel on the note, she could have made a successful defence to the action on the ground that he was not the party in interest.

Under our statute it is not necessary to give to the defendant the right of set-off in an action brought by the assignee of a chose in action, that he had the legal title to the claim which he seeks the benefit of when he receives notice of the assignment of his obligation, but he must be the absolute owner thereof.

Section 348 provides that "A set-off shall be allowed only in actions for money demands upon contract, and must consist of matter arising out of debt, duty, or contract, liquidated or not, held by the defendant at the time the suit was commenced, and matured at or before the time it is offered as a set-off."

Section 5503 : " Whatever defence or set-off the maker of any such instrument (referring to negotiable paper, except such as is protected by the law merchant) had before notice

of assignment against an assignor, or against the original payee, he shall have also against their assignees."

These sections are to be construed together. In *Claflin* v. *Dawson*, 58 Ind. 408, it was held by this court that a set-off is a cross-action by the defendant against the plaintiff in an action by the latter for " money demands upon contracts," and the indebtedness upon which it depends must be so held by the defendant at a time when he may acquire the right of set-off, that he could maintain an independent action upon it. When the appellant received notice that the appellee held his note he was not in a position to maintain an action against Mrs. Reiffel on the note she executed to West.

The case of *Shepherd* v. *Turner*, 3 McCord, 249 (15 Am. Dec. 631), cited by counsel for the appellee, involved the principle here under consideration. The court in that case said : " Something like a contract appears to have taken place between the payee of the note and the defendant. And, to use the language of the judge, ' the defendant had the election of taking the note as of that date.' If he had the election to take, he had the right to refuse. And that right must have been reciprocal. It was, therefore, at most a mere naked contract, which could not have been enforced on either side. But, even if the contract had been completed for a valuable consideration, as long as it remained executory and the right to the note not changed by actual delivery, it was not a subject of set-off. Debts to be set off must be mutual subsisting debts at the time the action is commenced." See *Osgood* v. *Artt*, 17 West. Jur. 463.

We find no error in the record.

Judgment affirmed, with costs.

Filed Nov. 19, 1890.